# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**SEAN LEE**                                                        **PETITIONER**

**VS.**               **CASE NO. 2:16CV00144 JM/PSH**

**C.V. RIVERA, Warden,**
**FCI Forrest City**                                        **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Sean Lee ("Lee") is an inmate in federal custody after pleading guilty in 2005 to using a computer/telephone system for the purpose of persuading a minor to engage in sexual acts.  See 18 U.S.C. § 2422(b).  In June 2006 Lee was sentenced by the United States District Court, Western District of Tennessee, to 188 months' imprisonment, with supervised release for life.  This sentence was based in part upon the finding in the Pre-Sentence Investigation Report that Lee had four 2004 convictions in Tennessee state court for attempted aggravated sexual battery.  Lee appealed the conviction to the United States Court of Appeals, Sixth Circuit, challenging one of the conditions of release.  This appeal was dismissed without prejudice, as the Court held Lee's challenge was not

ripe for determination.  Docket entry no. 13-2.

In 2013, Lee filed a 28 U.S.C. § 2255 motion to vacate his sentence with the trial court.  He alleged his counsel was ineffective,  he was actually innocent, and the prosecutor misled the grand jury.  The trial court denied relief in an Order dated March 4, 2015, finding Lee failed to comply with the applicable statute of limitation, and failed to demonstrate the limitation period should be equitably tolled.  Docket entry no. 13-5.  The trial court explicitly found Lee's claim of actual innocence was "illusory."  *Id.*  The trial court denied Lee a certificate of appealability and certified that any appeal would not be taken in good faith.  In 2016, Lee asked the trial court for leave to appeal its decision.  Citing the March 2015 Order, the trial court denied Lee's request.  Docket entry no. 13-6.  The Court of Appeals also denied Lee's request for a certificate of appealability.  Docket entry no. 13-8.

Lee later sought permission from the United States Court of Appeals, Sixth Circuit, to file a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  This request was denied, based upon a finding that Lee did not show that a new constitutional law, deemed retroactively applicable on collateral review by the Supreme Court, applied to his case.  28 U.S.C. § 2255(h).[1]  Docket entry no. 13-7.  The Court noted Lee was not sentenced under the Armed Career Criminal Act ("ACCA")[2] or under USSG § 4B1.2(a), the career offender guideline.  *Id.*

Lee, who is in custody at the Federal Correctional Complex in Forrest City, Arkansas, filed this petition for relief on October 31, 2016.  The petition seeks relief pursuant to 28 U.S.C. § 2241, alleging that "new, intervening changes" in the law render his sentence invalid.  Docket entry no. 2, page 2.  He argues that he "is therefore factually innocent of his increased sentence under new law and his illegal sentence results in a fundamental miscarriage of justice."  *Id.*

---

[1]The pertinent statute requires a second or successive motion to cite either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

[2]Had Lee been an ACCA offender, *Johnson v. United States*, 135 S. Ct. 2551 (2015) would have satisfied the statutory requirements of 28 U.S.C. § 2255(h) and provided him an opportunity to seek relief in a second or successive § 2255 petition.

In his response, respondent C.V. Rivera ("Rivera")  contends the petition should be dismissed because Lee should have pursued his relief in a § 2255 petition rather than a § 2241 petition.  Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence.  *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986).  *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).  According to *Lurie*, § 2241 relief may be pursued only if Lee demonstrates § 2255 relief is inadequate or ineffective.

The *Lurie* Court addressed the issue of the inadequacy or ineffectiveness of section 2255 relief:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted).  Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

The Court further noted that Lee bears the burden of showing § 2255 relief inadequate or ineffective.  *See also Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).  The claim Lee raises, an invalid sentence, is a classic challenge to the imposition of a sentence, and is not related to the execution of the sentence or to the conditions of confinement.  As such, this claim is typically cognizable in a § 2255 petition filed with the trial court, not in a § 2241 petition filed with this Court, absent Lee's demonstration that § 2255 is inadequate or ineffective.

When Lee previously sought the permission of the Sixth Circuit Court of Appeals to file a second or successive § 2255 petition, he cited *Johnson v. United States*, 135 S. Ct. 2551 (2015) as a new rule of constitutional law.  The Sixth Circuit Court of Appeals denied the request, finding "Lee was not sentenced in accordance with any provision that could arguably be affected by *Johnson*."  Docket entry no. 13-7, page 3.  Lee did not argue other cases which he now relies upon, i.e., *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243,

3

and *United States v. Dahl*, 833 F.3d 345 (3ʳᵈ Cir. 2016), in his earlier effort.

Lee, citing *Johnson*, *Descamps*, *Mathis*, and *Dahl*, now asks this Court to find § 2255 inadequate or ineffective and proceed to the merits of his § 2241 petition.  Lee's circumstances are similar to the petitioners in *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059 (8ᵗʰ Cir. 2002), where petitioners filed a § 2241 petition rather than a request for permission to file a second or successive § 2255 petition.  They sought a decrease in their sentences for drug convictions based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and argued that § 2255 was inadequate or ineffective, thereby opening the door to raising their claims in a § 2241 petition.  The Eighth Circuit Court of Appeals addressed this claim:

> We believe this argument is flawed because it attributes blame to the wrong source.  Perez and Ruotolo contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that *Apprendi* applies retroactively to past criminal convictions.  Neither Perez nor Ruotolo may raise an *Apprendi* claim in a second § 2255 motion unless and until *Apprendi* applies retroactively. . .  And only the Court may declare *Apprendi's* new rule to have retroactive force in a manner affecting successive § 2255 motions."

286 F.3d at 1062.

Lee's "true impediment" is not the inadequacy or inefficacy of § 2255; it is the *apparent* absence of any case announcing a new rule of constitutional law affecting Lee, made retroactively applicable on collateral review by the Supreme Court.  *Id.*  We emphasize apparent because the analysis of the cases cited by Lee is properly done by the appropriate court of appeals, not by this Court.  The Sixth Circuit Court of Appeals already explicitly found Lee was not sentenced under any provision which invoked *Johnson*.  Whether *Descamps*, *Mathis*, or *Dahl* satisfy the requirements of 28 U.S.C. § 2255(h)(2) is not properly before us.  What is clear is that Lee has not shown § 2255 relief is inadequate or inefficient, thereby enabling him to raise his current claims in a § 2241 petition before this Court.  As with the petitioners in *Perez*, and consistent with *Lurie*, § 2255 is not a defective remedy for Lee merely because he has previously been denied relief under its provisions or because he may be pessimistic about another attempt to obtain relief.

4

The key is that the ultimate decision on permission to file a second or successive petition is, by statute, to be given by the Sixth Circuit Court of Appeals, not by this Court.[3]   There is no statutory provision allowing Lee, without showing § 2255 inadequate or inefficient, to bypass this permission process and directly seek relief in a district court in the jurisdiction where he is in custody.

As a result, we recommend this petition be dismissed without prejudice to Lee seeking permission from the Sixth Circuit Court of Appeals to proceed with a successive petition.  The relief sought should be denied.

IT IS SO ORDERED this 13th day of March, 2017.

_____

UNITED STATES MAGISTRATE JUDGE

---

[3]We are aware some courts have carved out exceptions and found § 2241 available in unusual circumstances.  *See, e.,g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013); and *Deleston v. Wilson*, 2014 WL 3384680.  We are not persuaded by the reasoning in any of these cases, and the cases are not controlling precedent in this Circuit.